UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

———————————————

GREGORY A. KRUSE, PRO SE,

        Plaintiff,                          Case No. 1:17-cv-724 RJJ-PJG

v.                                                  Honorable Robert J. Jonker

SAM E. ST. AMOUR; JACOB J. ASHKER;
KEVIN B. EVEN; DONALD G. SANDEL;
KAROLYN A. RILLEMA; FRUITLAND TOWNSHIP;
SUSAN K. BOWEN; and MUSKEGON COUNTY,

        Defendants.

---

| | |
|---|---|
| Gregory A. Kruse<br>Plaintiff, *Pro Se*<br>5617 South Shore Dr.<br>Whitehall, MI  49461<br>(231) 955-5660 | Douglas M. Hughes (P30958)<br>John M. Karafa (P36007)<br>Susan M. Franklin (P66047)<br>WILLIAMS HUGHES PLLC<br>Attorneys for Defendants Ashker and<br>Muskegon County<br>120 W. Apple Ave., PO Box 599<br>Muskegon, MI  49440-1302<br>(231) 727-2119<br>doughughes@williamshugheslaw.com<br>johnkarafa@williamshugheslaw.com<br>sfranklin@williamshugheslaw.com |
| Craig R. Noland (P30717)<br>Amanda Marie Zdarsky (P81443)<br>McGRAW MORRIS PC<br>Attorneys for Defendants St. Amour, Sandel,<br>Rillema, Bowen and Fruitland Township<br>300 Ottawa Avenue NW, Suite 820<br>Grand Rapids, MI  49503-2314<br>(616) 288-3700<br>cnoland@mcgrawmorris.com<br>azdarsky@mcgrawmorris.com | Paul A. McCarthy (P47212)<br>Stephen J. Hulst (P70257)<br>RHOADES McKEE PC<br>Attorneys for Defendant Kevin B. Even<br>55 Campau Avenue NW, Suite 300<br>Grand Rapids, MI 49503<br>(616) 235-3500<br>mccarthy@rhoadesmckee.com<br>sjhulst@rhoadesmckee.com |

---

**DEFENDANT KEVIN EVEN'S BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION AND BACKGROUND**

Plaintiff's pro se Complaint, in the form of a "Brief," is incomprehensible. Instead of complying with Fed. Rule Civ Pro 8, Plaintiff utilizes a narrative discussion while failing to identify the specifics of any claim. Undersigned gleans a claim for equal protection under 42 U.S.C. § 1983 and a claim under 42 U.S.C. § 1985 for conspiracy to violate civil rights. But whatever Plaintiff's claim may be against Fruitland Township and the other Defendants, Plaintiff advances no claim against Kevin Even, an attorney at Smith, Haughey, Rice & Roegge who served (and serves) as legal counsel for the Township. Moreover, Attorney Even is not, as a matter of law, a "person" subject to suit under § 1983, is immune from this suit, and he did not act under "color of law." For any and all of these reasons, as well as the reasons stated in Co-Defendants' Motion to Dismiss, Attorney Even respectfully requests that the Court grant this motion and dismiss Plaintiff's Complaint, with prejudice, pursuant to Fed Rule Civ Pro 12(b)(6). Counsel attempted to obtain concurrence from Plaintiff by calling Plaintiff and leaving him a voicemail, but Plaintiff never responded.

**LEGAL ARGUMENT**

Attorney Even adopts and incorporates by reference the arguments in Co-Defendants' Brief in Support of Motion to Dismiss, filed on October 2, 2017. Namely, Attorney Even agrees that (1) there is no private cause of action for money damages under the state constitution cited by Plaintiff; (2) any possible claim against Attorney Even is barred by the statute of limitations; and (3) Plaintiff fails to allege a viable claim under § 1985(3), as he does not allege any racial or other class-based motive behind the alleged conspirator's actions. *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). Attorney Even adds the following reasons as to why Plaintiff's Complaint must be dismissed.

**I.     PLAINTIFF FAILS TO DIRECT ANY CLAIMS AGAINST ATTORNEY EVEN**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). The Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Twombly*, *supra* at 555. "Some factual basis for [§ 1983] claims must be set forth in the pleadings" and "mere conclusory allegations of unconstitutional conduct" are insufficient. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Here, Plaintiff's Complaint fails to allege any wrongdoing on the part of Attorney Even and does not specifically direct any alleged constitutional violations against him. As such, Plaintiff's Complaint fails to state a claim against Attorney Even and must be dismissed.

**II.    ATTORNEY EVEN IS NOT A "PERSON" SUBJECT TO SUIT UNDER § 1983**

"[A]bsent any indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities – county attorney, warning officer attorney, and judge, respectively." *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir. 1991) (internal citation omitted). A state official, sued in his official capacity for monetary relief, is not a "person" within the meaning of § 1983. *Whittington, supra,* citing *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Here, Attorney Even is a private practice attorney who represents Fruitland Township.[1] Because Plaintiff does not specify that he is suing Attorney Even individually, it is presumed that he is suing Attorney Even in his official capacity as legal counsel for the Township.[2] In turn, Plaintiff only seeks monetary relief – $75,000 in his initial Brief/Complaint and $100,000 in his Amended Brief/Complaint. Therefore, Attorney Even is not a "person" for purposes of § 1983 and Plaintiff fails to state a viable § 1983 claim against him in his official capacity as counsel to the Township.

### III.   ATTORNEY EVEN IS IMMUNE FROM THIS LAWSUIT

Prosecuting attorneys are immune from suit for actions such as are alleged in this case. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Hayes v. Cooper,* 845 F.2d 326 (6th Cir. 1988). Private attorneys retained by government are entitled to immunity. *Filarsky v. Delia,* 566 U.S. 377, 132 S.Ct. 1657, 182 L.Ed.2d 662 (2012); *see also Cullinan v. Abramson,* 128 F.3d 301, 310 (6th Cir. 1997).  Here, Plaintiff appears to include Attorney Even as a Defendant because of Attorney Even's role as (outside)  counsel/prosecuting attorney for the Township. As a result, Attorney Even is entitled to immunity such that Plaintiff's Complaint against him must be dismissed.

### IV.   ATTORNEY EVEN DID NOT ACT UNDER "COLOR OF LAW"

"As a general rule, an attorney who is retained by a client does not act under color of law in his or her capacity as the client's attorney." *Lindsey v. Jansante,* 806 F.Supp. 651, 654 (E.D.

---

[1] *See, e.g*., Plaintiff's Exhibit 28b, Page ID 56, 75g, Page ID 143, and 75g, Page ID 336 (showing Smith Haughey's bills to the Township).

[2] Indeed, Plaintiff appears to routinely refer to Attorney Even in his role as prosecutor for the Township. *See, e.g*., Plaintiff's Amended Brief, Page ID 247 (referring to "PROS EVEN").

Mich. 1992) citing *Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 449-50, 70 L.Ed.2d 509 (1981); *see also Otworth v. Vanderploeg,* 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Here, Attorney Even, as the attorney retained by the Township, did not act under "color of law" for purposes of § 1983, and therefore Plaintiff's case against Attorney Even must be dismissed.

## CONCLUSION

Plaintiff fails to state any claim against Attorney Even who, in any event, is not subject to suit under § 1983, is immune from this suit, and did not act under "color of law." For these reasons, and the reasons stated in Co-Defendants' Brief in Support of Motion to Dismiss, Defendant Kevin Even respectfully requests that the Court grant this Motion and dismiss him from this case.

Dated: October 4, 2017

                                          RHOADES McKEE PC
                                          Attorneys for Defendant Kevin Even

                                          By:  /s/ Paul A. McCarthy
                                               Paul A. McCarthy (P47212)
                                          *Business Address:*
                                            55 Campau Ave., NW, Ste. 300
                                            Grand Rapids, MI 49503
                                            Telephone:  (616) 235-3500